**HILLSIDE ENTERPRISES, INC., d/b/a Hillside Vineyards, Plaintiff,**

v.

**CARLISLE CORPORATION d/b/a Delaware Carlisle Corp., and Continental Carlisle, Inc., Defendant.**

No. 4:89CV2198–SNL.

United States District Court,
E.D. Missouri,
Eastern Division.

Jan. 3, 1997.

John A. Walsh, St. Louis, MO, for Hillside Enterprises, Inc.

David Wells, Thompson Coburn, St. Louis, MO, for Carlisle Corp. and Continental Carlisle Inc.

Michael A. Clithero, Richard H. Kuhlman, Peper and Martin, St. Louis, MO, for Houston Distributing Co., Inc.

John A. Walsh, St. Louis, MO, pro se.

*MEMORANDUM OPINION*

LIMBAUGH, District Judge.

On November 6, 1996 the Court found that Houston Distributing Co. should not be allowed to intervene in this case, and that Hillside's counsel's lien for attorney fees in the amount of one-third of the sums recovered should have priority over any setoff of defendant Continental Carlisle's judgment against Hillside's judgment. In a separate order, on the same date, the Court also determined that prejudgment interest shall accrue as of the date of the filing of Continental

Carlisle's counterclaim and that counsel for the parties were encouraged to resolve the proper calculation of such prejudgment interest, or the Court would make the proper calculation.

Thereafter, John A. Walsh, Jr., counsel for Hillside requested the Court to add an addendum to its order impressing the attorney's lien granted for expenses incurred as well. Carlisle and Continental responded to Walsh's request and, in addition, moved the Court to reconsider its finding with respect to granting the attorney's lien, and the timing of prejudgment interest calculations. Walsh has responded to the request to reconsider.

On December 6, 1996 the parties responded to the Court's initial request concerning the proper calculation of prejudgment interest on defendant's counterclaim judgment for $164,948.17. The parties stipulated that if prejudgment interest accrued as of the date of defendant's filing of its counterclaim on December 18, 1989 the prejudgment interest to which defendant is entitled is $191,301.32.

The parties also stipulated that if prejudgment interest accrued separately on each unpaid invoice that prejudgment interest would total $248,541.94. If this calculation were correct, the amount of the judgment on the counterclaim and prejudgment interest would total $413,489.51 plus postjudgment interest at the rate of 4.22% per year after March 28, 1994.

In the event the prejudgment interest is calculated as of December 18, 1989, defendant would be entitled to a total judgment of $356,249.49 plus postjudgment interest at the rate of 4.22% per year after March 28, 1994.

■ The Court has previously found that prejudgment interest shall accrue as of the date of the filing of Continental Carlisle's counterclaim which was December 18, 1989. There is nothing new in the record to persuade the Court that this decision should be changed. It is therefore determined that defendant shall have judgment on its counterclaim in the amount of $164,948.17 plus prejudgment interest in the amount of $191,-301.32 for a total judgment of $356,249.49 plus postjudgment interest at the rate of 4.22% per year from March 28, 1994.

■ Plaintiff's attorney, Walsh, asserts that the Court should have awarded him a lien for his expenses in the prosecution of the claim. In the "Amendment to Retainer Agreement" between Walsh and Hillside, it is provided that Walsh shall have a lien for attorney's fees "and for all sums expended in the preparation and prosecution of the case." The agreement also provided that "whereas the parties entered into a retainer agreement by which Walsh agreed to represent parties of the first part (Hillside) in a lawsuit against Continental Carlisle and Carlisle Corp. for compensation amounting to one-third of all sums recovered, and . . . . "

Although plaintiff's counsel has been unable to produce the original retainer agreement, it is obvious that there was one because the amendment so states.

In the affidavit of David Wells attached to the memorandum opposing Walsh's motion for reconsideration, Wells avers that Walsh told him he believed the retainer agreement did not provide for reimbursement of his expenses.

In Walsh's reply to the defendant's memorandum in opposition to the motion for reconsideration, he states that the initial retainer agreement "did not provide for a lien for expenses, although it required that expenses be repaid if advanced." Accordingly, there is a dispute between counsel as to whether the first agreement provided that expenses be repaid if advanced. There apparently is no disagreement that the initial attorney fee contract did not provide that there be a lien for expenses.

In its November 6, 1996 memorandum, this Court upheld the initial agreement between Walsh and Hillside allowing Walsh to assert his lien only pursuant to the terms of his original contingency fee contract. As the Court did not approve the amended attorney fee agreement as to the percentage of the fee to be allowed, it would be inconsistent to support that agreement attaching a lien for expenses when the initial agreement did not provide for such a lien. Although the amended agreement may be enforceable be-

tween the parties to the agreement with respect to the obligation to repay expenses advanced, it should not be enforced insofar as the creation of a lien for those expenses on the judgment obtained. The request of plaintiff and its attorney to impress an attorney's lien for expenses advanced in the prosecution of this case will be denied. This finding is entirely consistent with the Court's initial memorandum of November 6, 1996.

The Court has also reviewed defendant's motion to reconsider its memorandum and order of November 6, 1996 as to priority and the time of calculating the running of prejudgment interest and determines that the request for reconsideration should be denied. Defendant's request for reconsideration and its memorandum in support has not convinced the Court that the order and memorandum of November 6th is erroneous.